■ In the Matter of GUY J. BUONOCORE et al., Appellants, v VILLAGE OF SOUTH NYACK et al., Respondents. [712 NYS2d 871] —In a proceeding pursuant to CPLR article 78 to review a de-

termination of the respondent South Nyack Zoning Board of Appeals, dated June 21, 1995, which denied the application of the petitioners Guy J. Buonocore and Reba Buonocore, *inter alia,* for a variance to permit the construction of a retaining wall, the petitioners Guy J. Buonocore, Reba Buonocore, and Rubin Sterngass appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered March 3, 1999, which dismissed the proceeding.

Ordered that the appeals by Guy J. Buonocore and Reba Buonocore are dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal by Rubin Sterngass is dismissed, without costs or disbursements.

The petitioners Guy and Reba Buonocore, who owned certain real property located in the Village of South Nyack, hired the petitioner Rubin Sterngass to build a retaining wall on the property. The Buonocores and Sterngass commenced this proceeding pursuant to CPLR article 78 to review the determination of the South Nyack Zoning Board of Appeals (hereinafter the Zoning Board) denying the Buonocores' application for an area variance.

Since Sterngass has no interest in the property that is the subject of this appeal, he had no standing to commence a proceeding pursuant to CPLR article 78 to review the determination of the Zoning Board and his appeal must be dismissed (*see, Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 442-443; *Rex Paving Corp. v White,* 139 AD2d 176). In any event, were we to reach the merits, we would find that the determination of the Zoning Board was neither arbitrary, capricious nor an abuse of discretion, and that the proceeding was properly dismissed. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.